IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:17cr00335 |
| | ) | **Electronic Filing** |
| **DEVAN ABRAMS** | ) | |
| **TAMARA FELDMAN** | ) | |
| **AZAD KHIZGILOV** | ) | |
| **ROMAN SHAULOV** | ) | |

## MEMORANDUM ORDER

AND NOW, this 15th day of May, 2020, upon due consideration of defendant Tamara Feldman's motion to dismiss the indictment for lack of jurisdiction and the submissions of the parties in conjunction therewith, IT IS ORDERED that [125] the motion be, and the same hereby is, denied.

"A defendant in a criminal trial has a constitutional right to be tried in the district in which the crime was committed." United States v. Perez, 280 F.3d 318, 327 (3d Cir. 2002). The government bears the burden of proving that venue is proper. Id. (citing United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir. 1979)). Venue may be established by a preponderance of the evidence. United States v. Auernheimer, 748 F.3d 525, 533 (3d Cir 2014) (citing United States v. Root, 585 F.3d 145, 155 (3d Cir. 2009)).

The constitutional guarantee is reflected in Federal Rule of Criminal Procedure 18, which provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. of Crim. P. 18. Congress has exercised its authority to implement the safeguards of venue with regard to a charge of conspiracy. Perez, 280 F.3d at 329.

Where an indictment charges a criminal conspiracy, the government may inquire into and prosecute the offense "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). And where the conspiracy involved the use of the mail, the transportation in interstate or foreign commerce, or the importation of an object into the United States as a continuing offense, "the government may inquire into and prosecute the offense in any district from, through, or into which such commerce, mail matter, or imported object or person moves." Id.

The government's burden of establishing venue can be satisfied by charging and proving that one or more of the "essential conduct elements" occurred in the district where the prosecution has been commenced. Auernheimer, 748 F.3d at 533 ("Only 'essential conduct elements' can provide the basis for venue; 'circumstance elements' cannot.") (citing United States v. Rodriguez-Moreno, 526 U.S. 275, 279-80 (1999) and quoting United States v. Bowens, 224 F.3d 302, 310 (4th Cir. 2000)). In addition, where a conspiracy has been charged "venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy." Perez, 280 F.3d at 329; accord Auernheimer, 748 F.3d at 533 (same).

Defendant's challenge to the facial validity of venue as charged in the indictment is unavailing. First, the indictment charges that members of the conspiracy used the mail to deliver purchased products to consumers in this District, which products consisted of precluded activities. These transactions were made to appear as if a permitted product had been purchased. Members also established telephone banks to explain the nature of the transaction and to stop any inquiries about the purchased items. This was done in order to stop such customers from seeking a refund or reporting the transactions and related activities to the credit card companies processing payment. Telephone calls were conducted with

consumers within this District and the initial calls from these consumers purposefully were intercepted in order to carry out the objectives of the conspiracy and to avoid detection. The use of the mail and wire communications in this manner and for these purposes sufficiently charge acts within this District that were committed and caused to be committed in furtherance of the conspiracy.

Second, defendant's attempt to reduce the inquiry of venue to a single paragraph of the indictment is wide of the mark. Defendant has failed to identify any authority which mandates such a myopic review. And the authorities reference above have looked to the indictment and the government's proof at trial in analyzing a challenge for venue. Perez, 280 F.3d at 334-35; Auernheimer, 748 F.3d at 533-35. It follows that the court's review of venue cannot be limited to paragraph 6 of the indictment.

At this juncture the charge in the indictment sufficiently satisfies the government's burden to establish a facial showing of proper venue in this District. Given this showing, defendant's motion to dismiss for lack of venue properly has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Brendan T. Conway, AUSA
      Chad Seigel, Esquire
      Jason Lampert, Esquire
      Joseph Tacopina, Esquire
      Aaron M. Rubin, Esquire
      Karine Bogoraz, Esquire
      Stephen Turano, Esquire

      (*Via CM/ECF Electronic Mail*)